(98 South. 271)

No. 26104.

## ACME LAND CO. v. BRIGNAC et al.

## In re ACME LAND CO.

(Nov. 5, 1923. Rehearing Denied by Division B, Dec. 10, 1923.)

*(Syllabus by Editorial Staff.)*

1. Husband and wife ⬤137(5)—Mortgages ⬤534—Sale by owner's husband held not to convey valid title, and foreclosure purchaser acquired no title.

Where the husband of the owner of land sold it as owner, and not as agent for his wife, to one who granted a mortgage thereon which was foreclosed, such sale did not convey a valid title, and the foreclosure purchaser acquired none.

2. Deeds ⬤75—Sales; recitals in deed from heirs of true owner held not to validate title claimed under deed of owner's husband.

Where the husband of an owner of realty sold it, and the property was subsequently sold on foreclosure of a mortgage given by the purchaser, and a third party procured a deed from one who he mistakenly supposed was the grantee of the foreclosure purchaser, and also deeds from the heirs of the true owner, wherein was recited that the property had been originally sold by the husband with the owner's authorization, *held*, that such recitals could not operate to validate the title claimed under the husband's deed.

Certiorari to Court of Appeal, Parish of Evangeline.

Action by the Acme Land Company against Linda Brignac and others. Judgment for defendants was affirmed by the Court of Ap-

peal, and plaintiff applies for certiorari or writ of review. Writ of review recalled.

Dubuisson, Perrault & Burleigh, of Opelousas, for applicant.

L. Austin Fontenot, of Opelousas, and J. Hugo Dore, of Ville Platt, for respondents.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

OVERTON, J. On April 19, 1905, Gabriel Joubert sold to Onezime Brignac a small tract of land, located in township 4 south, range 3 east, Louisiana meridian. Brignac, after his purchase, granted a mortgage on the property to secure a loan. The mortgage was eventually foreclosed, and at the foreclosure sale, the property mortgaged was adjudicated to H. Lichenstein & Son, who, in January, 1910, sold it to the Acme Land Company, the plaintiff herein.

Gabriel Joubert, who sold to Brignac, was not the owner of the land. At the time he made the sale to Brignac, his wife, Athenaise Lafleur, who died some years ago, owned it.

J. Hugo Dore, one of the defendants herein, desired to purchase the property, and wrote a letter to the Acme Land Company for the purpose of acquiring such title as it had, and thereby remove the cloud on the title of the heirs and descendants of Athenaise Lafleur caused by the recordation of the Acme Land Company's chain of title. The letter, from some cause, did not reach the Acme Land Company, but instead was received by the Acme Land & Timber Company. After some correspondence a deed was executed by the latter company conveying to Dore all of its rights in and to the property in question. At the time of the execution of this deed Dore did not perceive that he was purchasing from the wrong company, and did not discover the error until some three years later.

Soon after the execution of the deed by the Acme Land & Timber Company Dore purchased the interest of the descendants and heirs of Athenaise Lafleur in and to the property, intending to convey a part of it to one of them, Linda Brignac, a defendant herein. Two deeds were employed to convey the interest of the heirs to Dore. One of the deeds was executed by Linda Brignac and the other by the remainder of the heirs.

Immediately following the description in the deed from Linda Brignac, and, it might be said, as part of the description, occurs the following statement:

"This property being formerly for her grandmother, Athenaise Lafleur and having been sold by Gabriel Joubert, the husband of Athenaise Lafleur, without her signature, but with her authorization. * * *"

And in the deed from the remainder of the heirs to Dore, the following statement occurs:

"This sale is made and accepted for the price and consideration of the sum of $1 paid to each of the appearers herein, and the further relinquishment of any claims they [the vendors] may have in said property, their mother, Athenaise Fontenot, having sold the said property to one Ozenime Brignac, through her husband, Gabriel Joubert, but she having failed to sign the deed. * * *"

After the execution of these deeds Dore conveyed to Linda Brignac all of the property, with the exception of about two acres, upon which is located an old gin. These two acres Dore retained. Linda Brignac and Dore took possession of the property, according to their respective deeds, and, about three years later, plaintiff instituted this suit against Linda Brignac and Dore for the recovery of the property, and for rents and revenues. In the district court and in the Court of Appeal defendants were successful. The case is before us on a writ of review.

[1] When Joubert sold the land in controversy to Brignac he sold as owner, and not as agent. The owner was not even a party to

the act nor mentioned in it. The sale was strictly the sale of the property of another, and therefore did not convey a valid title.

[2] Plaintiff having failed to acquire a valid title, at the time it purchased, the question presents itself whether by the declarations in the deeds above mentioned its title was validated. The solution of the question depends, obviously, upon the effect to be given those declarations. In determining that question it should be borne in mind that the parties to the acts, in which the declarations occur, were, at the time of their execution, acting under the impression, which later proved erroneous, that Dore had acquired the outstanding title of plaintiff. Acting under that erroneous impression, it became a matter of no importance, in conveying the property to Dore, whether the declarations, which apparently were inserted at the suggestion of one not a party to the acts, were well founded or not; and, as such was the case, it is by no means improbable that the parties were thrown off their guard, and hence failed to make such investigation as likely was necessary in order to ascertain whether Athenaise Lafleur had, in fact, verbally authorized her husband to sell the property. Under such circumstances, we are not of the opinion that the declarations should be given such weight as to have the effect of validating plaintiff's title. To give that effect to them, notwithstanding the error of fact under which the parties were laboring, would be, as observed by the Court of Appeal, to destroy the very object the heirs had in view, which was that of conveying the property to Dore.

For the reasons assigned, it is ordered, adjudged, and decreed that the writ of review that issued herein be recalled, at plaintiff's costs.

Rehearing refused by Division B, composed of DAWKINS, LAND, and LECHE, JJ.